LEON A. CANNIZZARO, JR., Judge.
In this case, the trial court granted a motion for summary judgment filed by the defendant. The plaintiff is now appealing the trial court’s decision.
STATEMENT OF FACTS AND PROCEDURAL HISTORY.
The plaintiff, Joyce Sonnier, was treated at Charity Hospital in New Orleans for Mdney stones. She underwent a successful emergency medical procedure designed to alleviate her pain and to enable her to pass the kidney stones. As part of the procedure a left ureteral[1] stent[2] was placed inside her body. Approximately two weeks after the procedure was performed, Ms. Sonnier returned to the hospital for an out-patient visit. The following notation was made on her chart at this visit: “PLAN F/U 2 wks ~ KUB.” Ms. Sonnier was to return to the hospital within two weeks for a KUB, which is an x-ray *206 of the urinary tract, but she neglected to do so.
A year after the emergency procedure during which the ureteral stent had been placed inside her body, Ms. Sonnier did return to the hospital complaining of flank pain and urinary tract discomfort. Ms. Sonnier was informed that the ureteral stent had to be removed[3], and she was also scheduled to have a lithotripsy[4] procedure approximately a week later. Ms. Sonnier did not keep her appointment for the lithotripsy and did not return to the hospital until approximately three months later. When she finally returned to the hospital, the stent was successfully removed.
Because the stent was not removed when it should have been, Ms. Sonnier was required to undergo a more complicated procedure to have the stent removed than would have normally been required. As a result, Ms. Sonnier suffered additional pain and urological complications.
A medical review panel was convened pursuant to the Medical Liability for State Services Act, La. R.S. 40:1299.39.1, to evaluate Ms. Sonnier’s claim that the hospital deviated from the applicable standard of care by failing to advise her that the stent that had been placed inside her body was temporary and would have to be removed. The medical review panel issued their opinion that the defendant had not failed to meet the applicable standard of care in Ms. Sonnier’s case.
The medical review panel gave the following reasons for their decision:
(1) Ms. Sonnier did not return to the hospital for the urinary tract x-ray that she was supposed to have two weeks after her initial follow-up visit;
(2) She did not return for the lithotrip-sy that had been scheduled when she returned to the hospital a year after her original procedure;
(3) When she finally went back to the hospital almost three months after missing her appointment for the li-thotripsy, the appropriate tests were done, and the results were negative; and
(4) When the stent was ultimately removed, there was no urological se-quela [5].
After the medical review panel issued their opinion, Ms. Sonnier filed the instant suit against the hospital. The hospital subsequently filed a motion for summary judgment, and the trial court judge granted the motion without issuing any written reasons. Ms. Sonnier is now appealing the judgment granting the summary judgment in favor of the hospital.
DISCUSSION
Standard of Review
In Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 230-31, the Louisiana Supreme Court discussed the standard of review of a summary judgment as follows:
Our review of a grant or denial of a motion for summary judgment is de *207 novo. Schroeder v. Board of Sup’rs of Louisiana State University, 591 So.2d 342 (La.1991). A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). This article was amended in 1996 to provide that “summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action.... ” La. C.C.P. art. 966(A)(2). In 1997, the article was further amended to specifically alter the burden of proof in summary judgment proceedings as follows: The burden of proof remains with the mov-ant. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” La. C.C.P. art. 966(C)(2).
See also Shelton v. Standard/700 Associates, 2001-0587 (La.10/16/01), 798 So.2d 60.
Analysis
The crux of Ms. Sonnier’s complaint against the hospital consisted of two components. First, she claimed that she was never given oral or written discharge instructions advising her that the stent was temporary and would have to be removed at a later time. Second, she claimed that the failure of the hospital’s employees to inform her of this was below the appropriate standard of care for hospitals.
As the moving party in the summary judgment proceeding, the hospital had the burden of proof. For its motion for summary judgment to succeed, the hospital had to show that there was .no genuine issue of material fact. Therefore, the hospital had the burden of proving either (1) that Ms. Sonnier was, in fact, given discharge instructions or other information advising her that the stent was temporary and would have to be removed or (2) that the applicable standard of care for hospitals did not require that the temporary nature of the stent be disclosed to her.
In support of its motion for summary judgment, the hospital asserted that Ms. Sonnier had the burden of proving that the hospital deviated from the applicable standard of care by not advising her of the temporary nature of the stent. Because Ms. Sonnier did not produce an expert witness who was familiar with the standards of care in the local community[6] to testify that she should have been told of the temporary nature of the stent when it was placed inside her body, the hospital argued that Ms. Sonnier failed to meet her burden of proof.
The hospital, not Ms. Sonnier, had the burden of proof in the motion for summary judgment, however. We find that the hospital did not meet its burden. The hospital failed to present any evidence that Ms. Sonnier was, in fact, advised that the temporary stent would need to be removed, and Ms. Sonnier presented affidavits that she was not so advised. Therefore, there is a genuine issue of material fact regarding what Ms. Sonnier was told. Because the hospital did not show that Ms. Sonnier received the information about the temporary nature of the stent, the hospital then had the burden of showing that under the applicable standard of care it was not required to advise Ms. Sonnier that the stent was temporary. The hospital failed to *208 meet this burden. Therefore, genuine issues of material fact remain regarding the applicable standard of care.
CONCLUSION
For the foregoing reasons, we find that the judgment of the trial court granting summary judgment was in error. We hereby reverse the trial court judgment and remand this case for a trial on the merits.
REVERSED AND REMANDED.

. Although the record in this case refers to a "left urethral stent”, we have assumed that the stent was, in fact, a left ureteral stent. While there is a single urethra in the human body, there are two ureters. The urethra is the passage through which urine leaves the body, whereas the ureters are the tubes that connect the kidneys to the bladder. There are two kidneys, one on the right side of the body and one on the left side, and the left ureter connects the left kidney to the bladder.

. This is a tube-like device that is inserted in the ureter between the kidney and the bladder to relieve urinary tract obstructions. The stent keeps the ureter open and prevents it from narrowing so that obstructions, such as kidney stones, can pass from the kidney to the bladder.

. The record does not reflect exactly when the ureteral stent should have been removed. We have assumed that it should have been removed prior to Ms. Sonnier's visit to the hospital a year after the original procedure had been performed, because the record indicates that at that time the stent had calcified.

. Lithotripsy is a procedure whereby shock waves are used to crush kidney stones so that they can be expelled from the body more easily.

. Sequela is any abnormality following or resulting from a disease, injury, or treatment.

. Ms. Sonnier did produce an affidavit of a physician from out of state stating that "I believe the standard of care requires that a patient be told that an indwelling ureteral stent is a foreign body and must be removed at some point in the future.”